UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEEQUANE MCGOWAN,

    Petitioner,

v.

                                      Case No. 25-cv-544-pp

KEVIN GARCEAU,

    Respondent.

**ORDER GRANTING PETITIONER'S REQUEST TO VOLUNTARILY DISMISS CASE AND DENYING PETITIONER'S MOTION TO TRANSFER CASE TO MILWAUKEE COUNTY CIRCUIT COURT (DKT. NO. 3)**

On April 16, 2025, the petitioner—who is incarcerated at Columbia Correctional Institution and is representing himself—filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2015 conviction for first degree intentional homicide and felon in possession of a firearm. Dkt. No. 1. The petitioner attached a to the petition a motion for post-conviction relief under Wis. Stat. §974.06, addressed to the Milwaukee County Circuit Court. Dkt. No. 1-2. A few days later, the petitioner filed a motion with this court titled "Motion for File Transfer to Milwaukee County Circuit Court." Dkt. No. 3. The petitioner explained in that motion that he wants to seek post-conviction relief in state court; he stated that his filings in this federal district "were and still are designated for filing in Milwaukee County Circuit Court." Id. at 1. He stated that he "agree[d]" to voluntarily dismiss his §2254 petition and "seek action at the state level in Milwaukee County Circuit Court." Id. For relief, the petitioner

1

asked the court to "[v]oluntarily [d]ismiss the filed action in Federal District Court" and "[t]ransfer the filed documents to the Milwaukee County Circuit Court." Id.

The federal rules governing *habeas* proceedings do not include a rule governing voluntary dismissals of *habeas* petitions, so the Federal Rules of Civil Procedure apply. See Federal Rule of Civil Procedure 81(a)(4)(A); Molzen v. Scibana, Case No. 04-C-318, 2004 WL 1598793, at *1 (W.D. Wis. July 6, 2004) (accepting petitioner's notice of voluntary dismissal under Rule 41(a)(1)). Under Fed. R. Civ. P. 41, a plaintiff may voluntarily dismiss a case without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). The respondent has not yet filed an answer in this case (because the court has not ordered him to do so), so the petitioner does not need a court order to voluntarily dismiss his petition. See Winterland Concessions Co. v. Smith, 706 F.2d 793 (7th Cir. 1983) ("a notice of dismissal terminates an action the date it is filed if the time requirements set forth in subsection (i) are met."). The petitioner's motion request for voluntary dismissal terminated the case as of the date that he filed it (April 22, 2025).

As for the petitioner's motion to transfer all the filings in this federal case to the Milwaukee County Circuit Court: The court understands that the petitioner intended to file his case in state court and that he wants to proceed in state court. But a federal court cannot transfer a case to a state court. The court will deny the petitioner's request to transfer the documents he has filed

2

in this case to the Milwaukee County Circuit Court. The petitioner will need to file his Wis. Stat. §974.06 post-conviction relief motion in Milwaukee County Circuit Court himself.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 28th day of April, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**